**THOMAS J. ORR**
**321 HIGH STREET**
**BURLINGTON, NJ 08016-4411**
**(609) 386-8700**
**ATTORNEY FOR TRUSTEE**

In Re:

ANDREA M. ADINOLFI

Debtor.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Chapter 7
Case No. 06-14918 (KCF)

THOMAS J. ORR, TRUSTEE,

Plaintiff,

vs.

THOMAS R. ADINOLFI

Defendant.

Adv. No. 09-

COMPLAINT FOR FRAUDULENT TRANSFER AND/OR POST-PETITION TRANSFER

Plaintiff, THOMAS J. ORR, by way of complaint against defendant, says:

1. On June 2, 2006, the debtor filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the District of New Jersey. The case was converted to Chapter 7 on April 18, 2008.

2. On April 23, 2008, Thomas J. Orr was appointed Chapter 7 Trustee and accepted the appointment.

3. Defendant Thomas Adinolfi is the debtor's father and resides at 12 Knollwood Road, Holmdel, NJ 07733.

4. This is a core proceeding brought pursuant to Fed. R. Bankr. Proc 7001, 11 U. S. C. §§548, 550 and 28 U.S.C. §157(b)(2)(F) and/or (O).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1).

6. The venue of this proceeding is in the District of New Jersey, pursuant to 28 U.S.C. §1409(a).

## COUNT ONE
## FRAUDULENT TRANSFER

7. On November 5, 2004, Defendant transferred to the debtor a 1/9 interest in property located in Ulster County, New York. The deed was recorded on November 10, 2004.

8. On May 31, 2006, the debtor and the holders of the 8/9 interests sold the property for $372,342.30 to Citivision, Inc. After closing costs, the debtor received $39,307.10 as her 1/9 share.

9. The debtor transferred all of the closing proceeds to defendant. The exact sum of $39,307.10 was deposited in defendant's account on June 5, 2006, three days after the petition was filed.

10. The debtor did not disclose the sale, proceeds or transfer in her schedules.

11. The debtor received no compensation in consideration of the transfer of the sale proceeds.

12. The debtor transferred her interest in the proceeds for substantially less than its fair market value.

13. The defendant was insolvent at the time of the transfer or became insolvent as a result of the transfer.

14. The debtor made the transfer with intent to hinder, delay or defraud an entity to which the debtor was indebted on the date of the transfer.

15. The debtor believed, or reasonably should have believed, she would incur debts beyond her ability to pay as they became due at about the time of the transfer.

16. The transfer is fraudulent pursuant to the New Jersey Fraudulent Transfer Act. The transfer is fraudulent pursuant to the bankruptcy code.

a) Setting aside the transfer;

b) For $39,307.10 representing the amount of the transfer;

c) For counsel fees and costs; and

d) For such other relief as is just and proper.

## SECOND COUNT
## POST-PETITION TRANSFER

17. Plaintiff repeats and incorporates the allegations of paragraphs 1 to 16.

18. The real estate closing took place on May 31, 2006. The debtor filed Chapter 13 on June 2, 2006. The funds were deposited in defendant's account on June 6, 2006. Upon information and belief, the funds were an unauthorized post-petition transaction.

19. Defendant is an initial transferee of the property transferred. Defendant is liable to the estate for the property transferred or, if the court so orders, the value of such property.

**WHEREFORE,** Plaintiff demands judgment against defendant;

a) Avoiding the transfer under 11 U.S.C. §549;

b) For the property transferred or, if the court so orders, the value of such property under 11 U.S.C. §550;

c) For counsel fees and costs; and

d) For such other relief as is just and proper.

Dated: March 27, 2009

/s/Thomas J. Orr